UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL JIPSON,

      Plaintiff,

v.                                 Case No:   2:13-cv-450-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court the Plaintiff, Daniel Jipson's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) (Doc. 35) filed on May 14, 2014.   Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") filed an Objection to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 36) on June 3, 2014. The Plaintiff filed a Reply to Defendant's Objection to the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 38) on June 10, 2014. The Plaintiff is requesting $7,192.63, pursuant to the Equal Access to Justice Act, "(EAJA)", 28 U.S.C. §2412(d). In the Reply, the Plaintiff requests an additional $159.37 in attorney's fees (.85 hours x $187.50 = $159.37).   The Plaintiff proceeded *in forma pauperis* (Doc. 9), and therefore did not incur any costs.

      On June 14, 2013, the Plaintiff filed a Complaint (Doc. 1). On November 18, 2013, the Commissioner filed an Answer (Doc. 22) and the Social Security Transcript (Doc. 23), and on January 13, 2014, the Commissioner filed an Amended Social Security Transcript (Doc. 26). The Amended Transcript was approximately 1021 pages in length. On February 11, 2014, the Plaintiff filed a Memorandum in Opposition to the Commissioner's Decision (Doc. 29) which was

approximately 23 pages with four attachments. The Plaintiff raised three issues. (Doc. 29, p. 1).

On April 14, 2014, the Commissioner filed an Unopposed Motion for Entry of Judgment With Remand (Doc. 32). The parties agreed to remand this case to the Commissioner on the following issues:

> (1) reassess Plaintiff's residual functional capacity and provide rationale for the assessed limitations ( 20 CFR 404.1545 and 416.945 and Social Security Rulings 96-8p);
> (2) reevaluate the medical source opinions, including the opinions of the state agency medical consultants (20 CFR 404.1527 and 416.927 and Social Security Rulings 96-5p;
> (3) reassess Plaintiff's credibility as required by 20 CFR 404.1529 and 416.929 and Social Security Ruling 96-7p;
> (4) clarify the demands of Plaintiff's past relevant work and/or of the assessed limitations on Plaintiff's occupational base, and if warranted, obtain vocational expert evidence (Social Security Rulings 83-12, 83-14, 85 15, and/or 96-9p;
> (5) if Plaintiff is found disabled, conduct the further proceedings required to determine whether drug addiction and alcoholism are contributing factors material to the determination of disability in accordance with 20 CFR 404.1535 and 416.935; and
> (6) any other proceedings the Commissioner deems appropriate.

(Doc. 32, p. 2-3). On April 15, 2014, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 33) reversing and remanding this action on the six issues listed in the Unopposed Motion for Entry of Judgment With Remand (Doc. 32); entering judgment, and closing the case. On May 14, 2014, the Plaintiff filed his Petition for EAJA Fees (Doc. 35) and on June 3, 2014, the Commissioner filed Objections (Doc. 36). This matter was referred for a Report and Recommendation.

A fee application must be filed within thirty days of the final judgment, and this requirement is jurisdictional in nature. *See*, 23 U.S.C. §2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a) and *Myers v. Sullivan*, 916 F.2d 659, 666 (11th

Cir. 1990).   Therefore, the Plaintiff has ninety days from the date of the entry of final judgment to file an application for EAJA fees. *Id.*; *Myers*, 916 F.2d at 672.   In this case, the Application for Attorney's Fees (Doc. 22) was timely filed.

In order for the Plaintiff to receive an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust.   28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).   The Commissioner does not contest that the Plaintiff met the requirements under EAJA and the Court determines that all conditions of EAJA have been met.

EAJA permits an award of "reasonable attorney fees."   28 U.S.C. §2412(d)(2)(A).   EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.   *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988).   The resulting fee carries a strong presumption that it is the reasonable fee.   *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992). The amount of EAJA fees is wholly dependent on the facts of the case.   *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "'[E]xcessive, redundant or otherwise unnecessary' hours" must be deducted from an award of fees.   *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. at 434)).

The Plaintiff's counsel expended 38 hours to prepare this case.   Attorney Carol Avard spent 27.30 hours in preparation of this case, and attorney Mark Zakhvatayev spent 8.40 hours in

preparation of this case, and 2.30 hours in preparation of the fee petition[1]. The Commissioner argues that the number of hours expended is excessive for this case.

Specifically, the Commissioner argues that 31.5 hours is excessive to prepare the Plaintiff's brief.   The Commissioner asserts that the Brief is only 20 pages long, and the issues are not novel. Further, the Commissioner contends that 8.4 hours expended to review the transcript and draft a four-page statement of facts is excessive.   The Commissioner indicates that the Plaintiff's counsel is a very experienced social security disability litigator and the amount of time expended does not reflect this experience.   The Commissioner suggests that 25 hours is a more appropriate amount of time to prepare the Plaintiff's brief.

The Court finds that 31.5 hours expended by the Plaintiff's counsel is reasonable for reviewing the transcript, and preparing the Brief.   The Court agrees that Ms. Avard is a very experienced social security litigator, however, the Transcript in this case was over 1000 pages. The amount of time to review the Transcript and to compose a statement of facts would reasonably take 8.4 hours, even if the summary of the facts is only four pages long. The lengthy Transcript would also require counsel to expend additional hours for preparation of the Brief. While the Court acknowledges that the hours expended may be higher than some other attorneys expend on these tasks, the Court does not find that the hours expended were unreasonable.   *See, Gates v. Barnhart*, 325 F. Supp.2d 1342, 1349 (M.D. Fla. 2002). The Court determines that 31.5 hours to review the transcript, and draft the brief are reasonable, not excessive, redundant or otherwise unnecessary.

The Plaintiff is claiming that a paralegal expended .40 hours at a rate of $60.00 per hour and requests $24.00 in paralegal fees.   The only time the Court finds for a paralegal was on July

---

1 The Court notes that in calculating the fees for the 2.3 hours spent in the preparation of the fee petition and affidavit, the Plaintiff miscalculated 2.3 x $188.75 to equal $424.13 rather than $434.13. The Court will use the Plaintiff's calculations.

5, 2013 for .2 hours for the filing "of Notice of Pendency of related Cases," and an entry on February 11, 2014 for "filing a Memorandum in Opposition by Cm/ecf" for .2 hours. (See, Doc. 35, p. 9 and 10). Clerical tasks are not compensable as attorney's fees and are considered overhead costs which are not compensable under EAJA. *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000) (citations omitted), and *Ward v. Astrue*, 2012 WL 1820578, at *2-3 (M.D. Fla. May 18, 2012.    The filing of documents with the Court is a clerical task. *Mobley v. Apfel*, 104 F. Supp.2d at 1360.   Therefore the Court determines that the time spent by the paralegal for filing documents on CM/ECF is a clerical task, is part of overhead costs, and is not reimbursable.   The Court will deduct $24.00 from the EAJA request.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.   28 U.S.C. § 2412(d)(2)(A).   Determination of the appropriate hourly rate is thus a two-step process.   The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).   The Plaintiff is requesting the following hourly rates: $187.50 for the year 2013; $188.75 for the year 2014. The Commissioner does not object to these hourly rates and the Court determines that these hourly rates are appropriate.

The Plaintiff seeks $7,192.63 for attorney fees and paralegal fees.   The Court determined that the paralegal's fee of $24.00 should be deducted from the total fee, for a total of $7,168.63. The Plaintiff is also requesting an additional $159.37 in attorney fees for .85 hours at a rate of

$187.50[2] to prepare the Reply (Doc. 38).   The Court finds that $159.37 is reasonable for drafting the Reply, and the Court determines that the Plaintiff is entitled to a total award of $7328.00 ($7,168.63 + $159.37 = 7328.00) for attorney fees.

The Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. 35-1).   The Attorney Fee Contract is signed by the Plaintiff and Ms. Avard and includes that following language, "I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney."  (Doc. 35-1).   Therefore, the Court will recommend that any award of fees be paid directly to the Plaintiff's counsel.

**IT IS RESPECTFULLY RECOMMEDED:**

The Petition for EAJA Fees Pursuant to 28 U.S.C. §2312(d) be **GRANTED** to the extent as set forth above, and attorney fees in the amount of $ 7328.00 be awarded to the Plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed. If the District Court adopts this Report and Recommendation, then the Court respectfully recommends that the Clerk be directed to enter an Amended Judgment in this case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 12, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

2 The Court notes that the Plaintiff used the rate of $187.50 from the year 2013 to calculate the amount of fees for the Reply, rather than the rate of $188.75 for the year 2014.   The Court will use the Plaintiff's calculations.